UNITED STATES v. JONES.

(District Court, D. Maryland. April 20, 1912.)

SHIPPING (§ 17*)—WIRELESS EQUIPMENT OF PASSENGER VESSELS—PROSECU-
TIONS—PLEA.

    In the prosecution of the captain of a steamship under Act June 24,
1910, c. 379, 36 Stat. 629 (U. S. Comp. St. Supp. 1911, p. 1265), which
makes it a punishable offense for the master of any ocean-going vessel
carrying passengers, and carrying 50 or more persons, including passen-
gers and crew, to leave any port of the United States on a voyage of more
than 200 miles, unless equipped with a wireless telegraph apparatus, a
plea setting up that the vessel did not carry passengers is insufficient,
where it also admits that the vessel carried to Europe four persons, not
members of her regular crew, who contributed a fund of $200 to one of
the officers for extra food and accommodations, but avers that they paid
nothing for transportation, but were signed as members of the crew at
a shilling a month although they were not paid and performed no serv-
ices; the question of whether they were or were not in fact passengers
being one for the jury under the facts.

    [Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 45–49; Dec.
Dig. § 17.*]

Criminal prosecution by the United States against Isaac Jones. On
pleas to indictment. Overruled.

John Philip Hill and J. Craig McLanahan, U. S. Attys.
R. E. Lee Marshall and Eugene O'Dunne, for defendant.

ROSE, District Judge. The defendant is the master of the Tem-
plemore, a British ocean-going steamship, having a crew of more than
50 persons. He has been indicted by the grand jury of the United
States for this district for an alleged violation of chapter 379 of the
Acts of Congress of 1910, approved June 24, 1910. 36 Statutes at
Large, vol. 1, p. 629 (U. S. Comp. St. Supp. 1911, p. 1265). The stat-
ute, in brief, makes it a punishable offense for the master or other per-
son in charge of any ocean-going steamer of the United States or any
foreign country carrying passengers, and carrying 50 or more per-
sons, including passengers and crew, to leave, or attempt to leave, any
port of the United States on a voyage of more than 200 miles, un-
less such steamer shall be equipped with the means of sending and
receiving wireless communications. The Templemore sailed from Bal-
timore to Liverpool. It was not equipped with wireless apparatus.

In two special pleas the defendant set up the defense that the ship
did not carry passengers. The first of these pleas alleged that the
Templemore was engaged in the business of transporting freight be-
tween Liverpool and Baltimore, and not in the carriage of passen-
gers. It said that the four persons whom the indictment alleged were
passengers were friends of the defendant. The defendant desired to
have them as his guests on the voyage. For that purpose he invited
them to become part of the crew of the vessel. They thereupon en-
tered into a written contract or agreement of hiring and for services.
By this agreement one of the persons in question agreed to serve
upon the ship as surgeon, another as purser, another as assistant

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

purser, and another as supercargo, for the compensation of one shilling a month each. The hiring of these persons in the capacities mentioned and for the compensation named, it is alleged, was duly approved by the British consul at Baltimore. The plea expressly admits that none of the persons named were ever called upon by the defendant to perform, nor did they or any of them perform, any service under said contract of employment, nor did any of them demand or receive any of the compensation stipulated for in the said contract. It is said that they were willing to perform the services if they had been asked to do so, and the defendant was willing to pay them a shilling if they had asked for it. It is asserted that no one of them either paid or contracted or agreed to pay the defendant, or to any of the officers, agents, or servants of the corporation owning and operating the Templemore, anything of value as a consideration for their transportation, but that, as the voyage of the Templemore is never less than 12 days, and may sometimes be 15 days, in length, such persons, desiring to be more comfortably provided for than the usual fare and accommodations of the ship would permit, decided to supply themselves with certain extra accommodations for the voyage in the nature of extra food and provisions. To that end they subscribed among themselves the sum of $200. Such sum was delivered to one of the servants or agents of the said corporation with the understanding that it would be used for the purpose of supplying the said persons with extra accommodations in the way of food and provisions on the voyage.

By a second special plea the defendant alleged that the persons in question were invited by him to accompany him on the Templemore as his guests. They performed no services on the vessel and received no compensation. They remained thereon solely as his guests. They paid nothing for passage or transportation. The only expense incurred by them was the total sum of $200, contributed by the four in equal proportions, which sum was paid by them to one of the officers and agents of the vessel, with the understanding that the same was to be expended solely for the purpose of food and provisions for them.

To these special pleas the government demurs.

Whether the persons in question were passengers or not does not, necessarily depend upon what kind of papers they signed, or by what names in such papers they called themselves or were called. It is not conclusively settled by the description given of the arrangement by which they each paid $50 to one of the officers of the vessel. Whether they were or were not passengers was a question to be determined upon all the facts and circumstances recited in those pleas, or which might be proved in evidence, and upon the inferences which a jury might properly draw from them. Every substantive fact alleged in either of the special pleas might be true. Yet from these facts, and others which might be proved by the government, a jury might be well entitled to hold that the persons in question were passengers. The jury might think, and be justified in thinking, that shipping such persons as members of the crew, and designating them as holding positions which they were not expected to fill, and did not fill, and providing for the payment to them of a nominal compensation which they

.did not expect to receive, and did not receive, and which nobody ever ·intended to pay them, and the payment by them of what the jury might have thought was the equivalent of passage money in the form of a special subscription to supply themselves with extra provisions and comforts, were devices intended to evade the laws, or regulations having the force of law, of this country, or of the United Kingdom, or both.

The government's demurrer must be sustained.

Thereupon defendant entered a plea of nolle contendere, and· was fined.